*700 OPINION
McKEE, Circuit Judge.
Diane Rosetsky appeals a grant of summary judgment in favor of her former employer, National Board of Medical Examiners of the United States of America, Inc. (“NBME”), on claims of age discrimination under the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 623(a), and the Pennsylvania Human Relations Act (“PHRA”), 43 Pa. Stat. Ann. § 955, as well as on claims of unlawful retaliation under the ADEA in violation of 29 U.S.C. § 623(d). For the reasons that follow, we will affirm in part, and vacate and remand in part.
I.
We have jurisdiction pursuant to 28 U.S.C. § 1331. We review the district court’s grant of summary judgment de novo and apply the same test as the district court. See MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir.2005). Summary judgment is appropriate where there are no genuine issues of material fact. Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing a grant of summary judgment, we view all facts in the light most favorable to Rosetsky, the non-moving party. See Bowers v. Nat’l Collegiate Athletic Ass’n, 475 F.3d 524, 535 (3d Cir.2007). As we write primarily for the parties who are familiar with the facts of this case, we need not recite the factual or procedural history in detail.
II.
When evaluating claims of age discrimination under the ADEA, we apply the McDonnell Douglas burden shifting analysis. McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); see also Fasold v. Justice, 409 F.3d 178, 184 (3d Cir.2005). Under McDonnell Douglas, Rosetsky must first establish a pr ima facie case as to each of her discrimination claims. To establish a prima facie. case of age discrimination, Rosetsky must show that she: (1) was at least forty years old; (2) was qualified for her job; (3) was subject to an adverse employment action; and (4) was replaced by an individual sufficiently younger to give rise to an inference of age-based discrimination. Anderson v. Consol. Rail Corp., 297 F.3d 242, 249 (3d Cir.2002).
If she succeeds in establishing a prima facie case of age discrimination, “the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason” for the adverse employment action. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817. If the employer does so, the burden shifts back to Rosetsky to prove by a preponderance of the evidence that the non-discriminatory reasons proffered by her former employer, NBME, were merely a pretext for discrimination. Id. at 804, 93 S.Ct. 1817; see also Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir.1999) (citing Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).
Rosetsky asserts that she was subject to an adverse employment action when her supervisor at NBME, Kathy Holtzman assigned her additional clerical duties allegedly not referenced in her job description, while promoting other, younger employees to more substantive projects. This argument is meritless.
It is uncontested that Rosetsky’s job description included “assist[ing] with other duties as assigned,” as well as other tasks specifically designed to accommodate “support” needs of her manager, Holtzman, and others. See Appellant’s Br. at 7. Ro *701 setsky admitted that not all of the tasks Holtzman assigned her were clerical in nature. The work included the opportunity to perform work specifically mentioned in her job profile, e.g., creating databases and editing tutorial slides. Rosetsky also admitted that both younger and older NBME employees were often responsible for performing clerical duties.
We are confident that nothing on this record would allow a reasonable juror to conclude that younger employees were treated more favorably. The younger employees that Rosetsky relies upon had different job titles and occupied different positions than Rosetsky. See App. at 420a. There is nothing to support Rosetsky’s claim that two younger employees “advanced quickly throughout the company! ]” in a manner that would suggest she was discriminated against. Rather, she makes the rather astonishing admission that she did not know if she had the knowledge necessary to fulfill the requirements of the higher position or not. See id. at 22. Given this record, neither Rosetsky’s dissatisfaction with work assignments, nor assignment of clerical duties such as “filfing] and keepfing] track of various documents,” Appellant Br. at 11, rise to the level of the sort of materially adverse ‘ “significant change in employment status’ ” required for a cause of action under the ADEA. Weston v. Pennsylvania, 251 F.3d 420, 431 (3d Cir.2001) (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)).
Accordingly, Rosetsky has not established a prima facie case of age discrimination against NBME. She has failed to point to any evidence to support a finding that she was subject to an adverse employment action by NBME. Absent some proof that she was assigned clerical responsibilities or other “demeaning” tasks not assigned to younger employees, her claim of job discrimination is nothing short of frivolous.
III.
We also analyze Rosetsky’s retaliation claims under the three-step framework of McDonnell Douglas. To establish a prima facie case of retaliation, Rosetsky must present sufficient evidence to establish that: (1) she was engaged in protected conduct; (2) an adverse action was taken; and (3) there is a causal link between the protected conduct and the adverse action. Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir.1997) (citations omitted). Once a prima facie case is established, the burden shifts to NBME to present a non-retaliatory explanation for the challenged employment decision. Id. at 920 n. 2; see also McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. 1817.
It is undisputed that Rosetsky was terminated after she complained to Human Resources (“HR”) about her treatment. It is also undisputed that five days before receiving her notice of discharge, and six weeks after complaining to HR, Rosetsky sent numerous emails to her supervisor in which she refused to do the tasks assigned to her because she felt they were “beneath” her education level. She also presented an ultimatum in which she demanded a $10,000 raise and a new job title which did not exist within NBME. She even went so far as to refuse repeated requests to keep track of her project time. See App. at 319a. The situation became so bad that several of Rosetsky’s co-workers complained to NBME supervisors about her behavior. Id. at 297-99a. Such facts, even when viewed in the light most favorable to Rosetsky, demonstrate that NBME’s reasons for terminating Rosetsky were legitimate and nondiscriminatory.
Rosetsky must proffer evidence sufficient for a jury to find that “an invidious *702 discriminatory reason was more likely than not a motivating or determinative” factor in her discharge rather than her own insubordination, unprofessional demands, and unprofessional conduct. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir.1994).
Even though Rosetsky’s termination notice was sent soon after she complained to HR about her treatment, and even though such proximity can sometimes raise an issue of fact about retaliatory motive, that is not the case here. When this record is viewed in its most favorable light (from Rosetsky’s perspective), there is still nothing to suggest any retaliatory motives on the part of her employer, and Rosetsky’s argument to the contrary is even more frivolous than her claim of age discrimination. Rosetsky does not contest that she issued demands and ultimatums about what she required from NBME if she was to continue doing her job. Her insubordination extended to the seemingly routine task of submitting time records for projects she was given to complete. Her presence and behavior became so disruptive and insubordinate that NBME finally terminated her. No reasonable fact finder could conclude anything other than that her termination resulted from her own unprofessional conduct, and not from any discriminatory or retaliatory animus on her employer’s part.
IV.
Rosetsky also argues that the district court committed reversible error by refusing to grant her request for an extension of the discovery deadline. Given this record, we must disagree. We review the district court’s ruling for abuse of the district court’s broad discretion and ‘ “we will not upset a district court’s conduct of discovery procedures absent a demonstration that the court’s action made it impossible to obtain crucial evidence.’ ” Gallas v. Supreme Court of Pa., 211 F.3d 760, 778 (3d Cir.2000) (quoting Fine Antitrust Litig. v. Boise Cascade Corp., 685 F.2d 810, 818 (3d Cir.1982)). Further, “implicit in such a showing is proof that more diligent discovery was impossible.” Id. at 778 (quoting Fine Antitrust Litig., 685 F.2d at 818).
Here, rather than attempting to work within the sixty-day discovery schedule set by the district court, Rosetsky’s counsel waited until the eve of the deadline to notice any depositions.[1] When he finally did so, giving NBME’s counsel merely one week’s notice, he failed to check the schedules of either the desired deponent, or opposing counsel. Consequently, upon receipt of the deposition notices, NBME’s counsel informed Rosetsky’s counsel that she was unavailable on the requested date due to a previously scheduled deposition in another matter. Rosetsky’s counsel, however, declined to select another date within the deadline and instead filed an extension just two days before the deadline.[2] Thus, Rosetsky’s counsel did not make a good faith effort to comply with the district court’s published discovery procedures and failed to offer any reasons why diligent discovery was not possible.
V.
Finally, the district court also granted NBME summary judgment on *703 Rosetsky’s PHRA claim. Pursuant to the PHRA, 43 P.S. § 962(c), the Pennsylvania Human Rights Commission (“PHRC”) has exclusive jurisdiction over all cases involving a claim of discrimination for one year so that it may conduct an investigation and, if possible, resolve the matter. Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 471 (3d Cir.2001) (citing Clay v. Advanced Computer Applications, Inc., 522 Pa. 86, 559 A.2d 917, 920 (1989)). Prior to seeking judicial remedies, a plaintiff must exhaust all administrative remedies and comply with all procedural requirements under the PHRA. Clay, 559 A.2d at 919-20.
Rosetsky argues that her PHRA claim should have been dismissed without prejudice for failing to exhaust administrative remedies so that she could properly exhaust them. November 29, 2006 is the earliest date on which Rosetsky’s discrimination claim can be considered filed with the PHRC. Eight months later, on August 2, 2007, Rosetsky filed this action alleging violations of both ADEA and PHRA in federal district court. Rosetsky thus failed to comply with 43 P.S. § 962(c) because she filed her action under the PHRA in district court before the PHRC’s mandatory one year investigation period had expired. Accordingly, the district court did not have subject matter jurisdiction over the PHRA claim. See, e.g., First Jersey Securities, Inc. v. Bergen, 605 F.2d 690, 700 (3d Cir.1979) (holding plaintiffs “failure to exhaust its administrative remedies rendered the district court without jurisdiction to entertain the suit”).
For the foregoing reasons, we will vacate the Order and Opinion of the district court granting NBME’s motion for summary judgment as to Rosetsky’s PHRA claim and remand with instructions to dismiss Rosetsky’s PHRA claim for lack of subject matter jurisdiction.[3]
VI.
For the foregoing reasons, we will affirm the district court’s grant of summary judgment in favor of NBME as to Rosetsky’s ADEA discrimination and retaliation claims, but vacate the district court’s Order granting summary judgment in favor of NBME as to Rosetsky’s PHRA claim. We will remand with instructions to dismiss that claim for lack of subject matter jurisdiction.

. Here, the district judge provided notice to counsel via the district court’s website that he grants discovery extensions sparingly and only for “weighty cause.” See Hon. Stewart Dalzell, Policies and Procedures: Part I, page 2, available at http://www.paed.uscourts.gov/ documents/procedures/dalpoll.pdf

. In her brief to this court, Rosetsky did not contest any of the facts surrounding her counsel's failure to comply with the district court's published discovery procedures or demonstrate actual or substantial prejudice by the district court.

. The district court may allow Rosetsky to amend her complaint as the mandatory one year period under 43 P.S. § 962(c) has now expired. See, e.g., Logan v. In-Ter-Space Services, Inc., No. 07 Civ. 0761, 2007 WL 2343868, at *2 (E.D.Pa. Aug. 15, 2007); McBride v. Bell of Pennsylvania, No. 89 Civ. 0243, 1989 WL 71545, at *3 (E.D.Pa. June 27, 1989). However, the district court may choose not to exercise jurisdiction over Rosetsky's state law claim as none of her federal claims survived summary judgment.